# United States Bankruptcy Court
# Eastern District of Pennsylvania

In re:

    James Harold Cooper,

        Debtor.

Case No. 24-11994-pmm

Chapter 13

### Debtor's Motion to Approve Lacey Cooper as Debtor's Next Friend and for Waiver of Credit Counseling and Financial Management Course Requirements

**AND NOW**, Debtor James Harold Cooper, by his proposed next friend and through his attorney, moves this Court for an order approving Lacey Cooper as his next friend in this bankruptcy case. In support of this motion, the Debtor states as follows:

1. The Debtor filed this case under chapter 13 on June 11, 2024.

2. The Rules of Bankruptcy Procedure allow a next friend to file a voluntary petition on behalf of an "incompetent person." Fed. R. Bankr. P. 1004.1. The rule does not define a process for approval of a next friend but does say that the Court has the authority to "make any . . . order to protect the . . . incompetent debtor." *Id*. The rule does not define the word incompetent. In the absence of a clearly defined rule, the Court should look to other parts of the rules, the bankruptcy code, and state law for guidance. An unrelated section of the code defines a person's "incapacity" as "[impairment] by reason of mental illness or mental deficiency so that [he] is incapable of realizing and making rational decisions with respect to [his] financial responsibilities." 11 U.S.C. § 109(h)(4). Similarly, state court rules define an incapacitated person as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired [so significantly] that the person is partially or totally unable to manage financial resources . . . ." Pa. R. Civ. P. 2051. Although these rules do not address "incompetence," the word used in Fed. R. Bankr. P. 1004.1, the words incompetent, incapacity, and incapacitated are synonymous. When approving a next friend, the Court "has substantial discretion to decide who will act in the [litigant's] best interests." *Gardner v. Parson*, 874 F.2d 131, 139 (3d Cir. 1989).

3. The bankruptcy code allows excusal from credit counseling if the court determines, after notice and hearing, that the debtor is unable to comply with the requirement due to incapacity.

11 U.S.C. § 109(h)(4). Incapacity is defined as "[impairment] by reason of mental illness or mental deficiency so that [he] is incapable of realizing and making rational decisions with respect to [his] financial responsibilities." *Id*. The code provides the same standard for excusal from the pre-discharge financial management course. 11 U.S.C. § 1328(g)(2).

4. The voluntary petition was executed on the Debtor's behalf by his daughter, Lacey Cooper (the "Proposed Next Friend").

5. Upon information and belief, the Debtor is suffering from dementia, which limits his ability to receive and evaluate information effectively and communicate decisions such that he is incapable of realizing and making rational decisions with respect to his financial responsibilities.

6. Because the Debtor's condition leaves him unable to receive and evaluate information effectively and communicate decisions such that he is incapable of realizing and making rational decisions with respect to his financial responsibilities, the Court must appoint the Proposed Next Friend as next friend to represent the Debtor in this bankruptcy case.

7. For the same reasons, the Court must also waive the credit counseling and financial management course requirements.

8. The Proposed Next Friend has executed an acknowledgement of her duties and powers as next friend if approved by the court. Exhibit A.

**NOW, THEREFORE**, the Debtor asks this Court to grant relief in the form of order attached and to grant such other relief in his favor as may be necessary and proper under the law.

Date: June 11, 2024

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael A. Cibik
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com