# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| James Harold Cooper | : | Case No. 24-11994-pmm |
| | : | |
| | : | |
| Debtor. | : | Chapter 13 |

### RESPONSE OF CITADEL FEDERAL CREDIT UNION IN OPPOSITION TO DEBTOR'S MOTION TO IMPOSE THE AUTOMATIC STAY

The Respondent/Creditor, Citadel Federal Credit Union ("Citadel"), by and through its undersigned counsel, M. Jacqueline Larkin, Esquire, hereby responds to the Debtor's Motion to Impose the Automatic Stay and in support there respectfully represents as follows:

**Preliminary Response/History of this Matter**

Debtor, James Cooper, has a mortgage with Citadel on his property located at 24 Beech Street, Pottstown, PA 19464. Debtor has not made a payment on the mortgage since July 31, 2022. Citadel initiated foreclosure proceedings in Montgomery County, Pennsylvania on September 12, 2022. Plaintiff and Debtor James Cooper were placed in the court-ordered mediation program for six conferences over a timeline of nine months. This mediation program imposed a stay on all foreclosure proceedings and required the parties to engage in good-faith mediation efforts. Mr. Cooper would consistently request continuances stating that he would be applying for modification, but he would never submit documentation to Citadel. Debtor was released from the program due to non-compliance and when the court became aware that Debtor was using the automatic stay in the mediation program to simply delay the foreclosure.

The sheriff sale was then set for January 31, 2024 where Defendant filed a petition to postpone the sheriff sale proceedings in Montgomery County on January 30, 2024 (the day

before the sheriff sale).  Defendant contended that he had refinancing that was going to pay off the Citadel mortgage loan.  The sheriff sale was postponed to allow Debtor to refinance and pay off the loan.  This refinancing never came to fruition.   The sheriff sale was moved to March 27, 2024.  As stated in Debtor's Motion, Debtor has now filed three bankruptcies in three months.  Debtor filed the first bankruptcy on March 25, 2024 on the eve of sheriff sale and was dismissed due to the failure to submit documents on April 25, 2024. See Debtor's Motion, ¶ 2.  The sheriff sale was continued to May 29, 2024 and the Debtor filed the second bankruptcy on May 28, 2024.  Again, the Debtor filed bankruptcy on the eve of the sheriff sale. This matter was dismissed on June 10, 2024 for failure to file documents.  Debtor did not make any post-petition payments in either of these bankruptcies.

Citadel argues that this third bankruptcy filing was not in good faith because there are no "changed circumstances."  Mr. Cooper alleges he has rental income, but he does not have any rental property outside of his own home.  There have been no rental agreements produced and this does not show consistent income to support a Chapter 13 plan. Mr. Cooper has filed two prior bankruptcies on the eve of two sheriff sales which supports Citadel contention that Mr. Cooper is a serial filer and this is evidence of bad faith.  Citadels requests that this Honorable Court deny Debtor's Motion in Impose the Automatic Stay.  Debtor has not engaged in good faith since the commencement of the foreclosure and it is to Citadel's detriment.

### MEMORANDUM OF LAW IN SUPPORT OF CITADEL RESPONSE

Under the U.S. Code, if two or more bankruptcy cases of a debtor "were pending within the previous year but were dismissed, the automatic stay "shall not go into effect upon the filing of the later case." *See* 11 U.S.C. § 362(c)(4)(A)(i). The debtor may request the court enter an order imposing a stay against creditors if automatic stay does not automatically go into effect due

to 362(c)(4)(A), and if the request is granted, the court can enter an order equivalent to automatic stay. *See* 11 U.S.C. § 362(c)(4)(B)–(C). In these cases, the debtor is presumed to be filing not in good faith—unless the presumption is rebutted by "clear and convincing evidence to the contrary,"—if:

(I)   2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;
(II)  a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or
(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed;

*See* 11 U.S.C. § 362(c)(4)(D).

In determining whether a debtor filed a bankruptcy petition in good faith, "The court's determination . . . for purposes of 11 U.S.C. § 362(c)(4)(B), is based [on] a consideration of the totality of circumstances." *In re Ferguson*, 379 B.R. 109, 119 (E.D. Pa. 2007). In this determination, the bankruptcy court may consider a wide range of factors including "the nature of the debt; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors*." In re Lilley*, 91 F.3d 491, 496 (3d Cir.1996). Another factor the courts may consider is the history of previous bankruptcy proceedings, including prior petitions*. In re Mondelli*, No. 13-2171, 2014 WL 889352 (3d. Cir. Mar. 7, 2014). Courts have

also consistently recognized that, "[A] history of multiple bankruptcy cases, filed without a genuine intent to reorganize, is evidence of bad faith." *In re Napier Lopez*, No. 23-10694-ABA, 2023 WL 3260150, at *42 (Bankr. D.N.J. May 4, 2023); *see also* In re Mondelli, at *6 (affirming Bankruptcy Court's finding of bad faith where petitioner's suspicious timing of petitions indicated that his sole purpose in filing for bankruptcy was to delay the sheriff's sale of the property.")

Courts have determined that the chance of success of the debtor's plan is a very important factor in evaluating the good faith of the bankruptcy petition. *In re Jooben*, 385 B.R. 599, 611 (E.D. Pa. 2008) (citing *In re Ferguson*, 376 B.R. 109,121 (Bankr. E.D. Pa 2007)). In the case referenced, the Eastern District of Pennsylvania determined that a finding of lack of good faith was proper where, "whenever a creditor of [debtor] took an adverse action against him in state court, [debtor] would file for bankruptcy . . . [W]hen state court action was no longer imminent, [debtor] ceased his prosecution of his bankruptcy actions." *Id.* The court considered the suspicious timing of a bankruptcy petition as a relevant factor in considering a debtor's bad faith. *Id.*

The timing of bankruptcy petitions in close proximity of a sheriff's sale of the petitioner's property has been a situation that the courts have many times interpreted as a bad faith filing. The Eastern District of Pennsylvania in *in re Knauss* used the fact that petitioner filed one day after the acquisition of his property and moments before a sheriff's sale of that property, as well as his motive in filing the petition, which was to evade a sheriff's sale, as evidence that the bankruptcy filing was not in good faith. No. 13-01131, 2013 WL 5942391, at *3 (E.D. Pa. Nov. 5, 2013). The same court also upheld a charge of bankruptcy fraud in a case where the court determined, "[The] debtor's goal of her repeated petition filings was to delay the scheduled

sheriff's sales [and debtor] lived in her residence without making mortgage payments for the entire period of her filings." *Ross v. AmeriChoice Fed. Credit Union*, 530 B.R. 277, 291 (E.D. PA 2015). The court makes the same determination in *in re Dulisse,* where it finds that the history of the petitioner's bankruptcy filings, specifically the dates of the petitions in relation to the dates of the sheriff's sales, were evidence that the motive of the petitions was not for reorganization, but to delay foreclosure sales. No. 01-1385, 2001, 2001 WL 769994, at *2 (E.D. Pa. July 5, 2001).

Under the factual circumstances described above and the history of the foreclosure and these bankruptcies, it is clear that Debtor has not this third bankruptcy filed in good faith. The history of this matter shows that Debtor has used the courts programs and the automatic stay under the bankruptcy code to delay the sheriff sale of Debtor's property and to Citadel's detriment.  Debtor has stated that he was going to submit for modification, refinance and sell the property and there has never been any effort to actually on the part of the Debtor to perform the aforementioned plans.  Debtor is now claiming that he has renters who pay him rent to live in his home.  It has been known that people outside of Mr. Cooper have been residing at his house for some time and now Debtor is claiming he has consistent rental income to support a Chapter 13 plan. Debtor has filed an objection to confirmation of the Chapter 13 plan because the proposed plan does not cover the pre-petition arrearages owed to Citadel.

Based on the foregoing factors stated above that the court should consider which include: "the nature of the debt; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors*." In re Lilley*, 91 F.3d 491, 496 (3d Cir.1996).  In this

{P0248131-1}
#R3BG8Y9A0D16SCv1

case, Debtor's motivation has been to delay the sheriff sale at Citadel's detriment and not make any payments on the mortgage. Through this whole process, Debtor has not been forthcoming with Citadel and never follows through with the "plans" to repay the mortgage loan. Furthermore, the timing of bankruptcy petitions in close proximity of a sheriff's sale of the petitioner's property has been a situation that the courts have many times interpreted as a bad faith filing. The type of debt and treatment of the creditor are factors the courts have considered In this case, Debtor's numerous bankruptcy filings are on the eve of sheriff sales. Given all of the facts in this matter, Respondent requests that this Court deny Debtor's Motion to Impose the Automatic Stay.

**W**HEREFORE, the Respondent, Citadel, respectfully requests that this Court deny Debtor's Motion to Impose the Automatic Stay.

Respectfully Submitted,

**VAUGHAN   MCLEAN**

*/s/ M. Jacqueline Larkin*
M. Jacqueline Larkin, Esq.
Attorney ID No. 309190
Two Logan Square
100 N. 18th Street, Suite 700
Philadelphia, PA 19103
(215) 569-2400
mjlarkin@vaughanmclean.com
*Attorneys for Plaintiff,*
*Citadel Federal Credit Union*

Date: June 24, 2024.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| James Harold Cooper | : | Case No. 24-11808-pmm |
| | : | |
| | : | |
| Debtor. | : | Chapter 13 |

## CERTIFICATION OF SERVICE

I, M. Jacqueline Larkin, Esquire, hereby certify that I did cause a true and correct copy of the foregoing Response to Debtor's Motion to Impose the Automatic Stay to be served on this 24th of June 2024, via the CM/ECF System of the Court upon the following individuals and first-class mail:

Michael Cibik, Esq.
Cibik Law, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

James Harold Cooper
24 Beech Street
Pottstown, PA 19464

**KENNETH E. WEST**
Office of the Chapter 13 Standing Trustee Building
1234 Market Street - Suite 1813
Philadelphia, PA 19107

**U.S. Trustee**
Robert N.C. Nix Federal

900 Market Street, Suite 320
Philadelphia, PA 19107

**VAUGHAN MCLEAN**

By:    */s/ M. Jacqueline Larkin*
         M. Jacqueline Larkin, Esq.

{P0248131-1}
#R3BG8Y9A0D16SCv1